UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BETTY ANN NEWBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-983 (RMC) |
| ) | |
| GEORGE W. BUSH, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

### ORDER

On June 9, 2008, Plaintiff Betty Ann Newby, proceeding *pro se*, filed a complaint against a multitude of defendants, including President George W. Bush, George H. Bush, Vice President Dick Cheney, Chief Justice John Roberts, Jr., and numerous other members of the Executive, Legislative and Judicial Branches of the United States Government, as well as several departments under the Executive branch. The Complaint charges that "defendants have damaged her properties, have converted her properties, have taken her properties, have intentionally inviolated[sic] her civil rights, privacy, and property rights, and have inflicted extreme pain and suffering upon her in violation of federal laws, Texas law, and the Texas and federal Constitutions" by denying her the constitutional right to elect her governmental officials as a District of Columbia resident. Compl. at 3-4 [Dkt. # 1]. The Complaint consists of 22 pages of Plaintiff's personal history and vague legal argument.

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a) & (e)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's

failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 " 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The Court has reviewed the Complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Plaintiff's Complaint utterly fails to set forth a short and plain statement of the claims. The Complaint is largely incomprehensible and insufficiently clear to put Defendants on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules, as it fails to articulate a comprehensible legal or factual basis for relief. *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished). For these reasons, it is hereby

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 8 and 41, the Complaint is *sua sponte* **DISMISSED** without prejudice; and it is

**FURTHER ORDERED** that Plaintiff shall have until **July 18, 2008**, to file an amended complaint that corrects the deficiencies addressed in this Order. If Plaintiff fails to file an amended complaint by that deadline, this action will be dismissed with prejudice and the case will be closed.

**SO ORDERED**.

Date: June 17, 2008

/s/
ROSEMARY M. COLLYER
United States District Judge